**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-40740
Summary Calendar

———————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

OMAR RODRIGUEZ-TAMEZ

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:02-CR-1146-1
--------------------

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Omar Rodriguez-Tamez pleaded guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine. He appealed his 135-month sentence, arguing that the district court clearly erred in imposing a two-level enhancement based on his role as a manager or supervisor in the offense, pursuant to U.S.S.G. § 3B1.1(c). This court agreed and vacated Rodriguez-Tamez's sentence and remanded the case for resentencing as to this issue, without prejudice to the possibility that an upward

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

departure might be warranted for Rodriguez-Tamez's management responsibility of the property, assets or activities of the conspiracy.

On remand the district court the district court again sentenced Rodriguez-Tamez to 135 months of imprisonment, for the following reasons. The court found that Rodriguez-Tamez played a supervisory role in the offense and applied the U.S.S.G. § 3B1.1(C) two-level enhancement. Alternatively, the court upwardly departed two levels because Rodriguez-Tamez's exercised management responsibility over the assets of the criminal organization. Alternatively, the district court stated that it would withdraw the two-level downward departure, given at the original sentencing because Rodriguez-Tamez was an alien who was going to be deported. As a final alternative, the district court found that (without any of the above adjustments) the total offense level was 31 and that the high end of the applicable guideline range was 135 months.

Rodriguez-Tamez argues the district court clearly erred in finding that he was an organizer, leader, manager, or supervisor in the offense and in applying the two-level enhancement under U.S.S.G. § 3B1.1(c). Rodriguez-Tamez does not address any of the district court's alternative reasons for imposing the 135-month sentence; accordingly, he has abandoned any argument that these alternative grounds for the sentence were erroneous. See United States v. Brace, 145 F.3d 247, 261 (5th Cir. 1998) (en banc)

("[W]e do not address issues not presented to us."); <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993).  Even if this court were to hold that the district court's finding that he played a supervisory role in the offense was clearly erroneous, Rodriguez-Tamez has provided no argument that the 135-month sentence should not be upheld on any of these alternative grounds

AFFIRMED.